UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FAYE HAVERLOCK, | No. 2:12-cv-2393 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment, plaintiff's motion to augment the record and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion for summary judgment is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and this matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On February 5, 2008, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on July 15, 2003. (Transcript ("Tr.") at 92-99.) Plaintiff's application was denied initially, (id. at 57-60), and upon reconsideration. (Id. at 67-71.) Plaintiff requested a hearing and a hearing was held

before an Administrative Law Judge ("ALJ") on February 24, 2010.  (Id. at 37-53.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  In a decision issued on July 19, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 32.)  The ALJ entered the following findings:

> 1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.
>
> 2.  The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 15, 2003 through her date last insured of December 31, 2007 (20 CFR 404.1571 et seq.).
>
> 3.  Through the date last insured, the claimant had the following severe impairments: degenerative disc disease; fibromyalgia; and chronic pain syndrome (20 CFR 404.1520(c)).
>
> 4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).
>
> 6.  Through the date last insured, the claimant was capable of performing past relevant work as a real estate agent and escrow assistant.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 15, 2003, the alleged onset date, through December 31, 2007, the date last insured (20 CFR 404.1520(f)).

(Id. at 24-32.)

On December 21, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Id. at 10-12.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 19, 2012.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial

2

evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In her pending motion plaintiff argues that in finding her not disabled at any time from July 15, 2003, through December 31, 2007, the ALJ committed the following three principal errors: (1) the ALJ erred at steps two, three and four of the sequential evaluation process; (2) the ALJ improperly rejected the opinion of plaintiff's treating physician; and (3) the ALJ improperly rejected plaintiff's own testimony concerning her subjective symptoms as well as a third-party witness statement. (Pl.'s MSJ (Dkt. No. 13-1) at 17-39.[1])

**I.    Step Two Error**

Plaintiff argues that the ALJ improperly evaluated plaintiff's impairments at step two of the sequential evaluation process and erred by failing to find that plaintiff's multiple sclerosis was a severe impairment. (Pl.'s MSJ (Dkt. No. 13-1) at 18-19.)

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28). See also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290). See also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, the ALJ found that plaintiff's degenerative disc disease, fibromyalgia and chronic pain syndrome were severe impairments. (Tr. at 24.) The ALJ noted that plaintiff's symptoms included extreme fatigue, pain, headaches, insomnia and multiple trigger points.[2] (Id. at 25.) The ALJ then "took into consideration all the claimant's other diagnosed conditions" and concluded that the record was "insufficient to establish" a severe impairment. (Id.)

The record, however, establishes that on December 29, 2008, plaintiff was examined by Dr. Richard Bergstrom, at the request of Dr. John Moore, to assess plaintiff's "five-year history of dizziness." (Tr. at 312.) At that time plaintiff described the "sensation of a gong going off in her head," intermittently throughout the day, causing her "dsyequilibrium" and the need to "hold onto a wall when she walks." (Id.) Plaintiff also reported a "tingling in the hands . . . over the same time frame." (Id.)

/////

---

[2] The court notes that it appears that many of these symptoms are common in individuals suffering from multiple sclerosis.

Pursuant to the December 29, 2008 examination, Dr. Bergstrom ordered an MRI of plaintiff's brain. (Id. at 327.) That MRI was administered on February 23, 2009, and revealed:

> Multiple small foci of increased signal intensity with T2-weighting in cerebral hemispheric white matter, nonspecific. Some of these are adjacent to the atria of the lateral ventricles. Differential diagnosis includes premature microvascular disease, vasculitis, viral/postviral etiology, demyelinating/dysmyelinating disease among other entities.

(Id. at 327.)

On September 3, 2009, plaintiff was examined by Dr. Hamid Rabiee, at the request of Dr. Feoktist Orloff, for a Comprehensive Neurological Evaluation. (Id. at 333.) Dr. Rabiee noted that plaintiff complained of a "feeling of pins and needles in the feet for about 20 years or more with a progressing pattern," as well as weakness in her grip. (Id.) Dr. Rabiee examined plaintiff and reviewed her MRI. (Id. at 333-34.) Under the "Discussion and Impression" section of his evaluation Dr. Rabiee noted "Multiple Sclerosis, Peripheral Neuropathy L.E." (Id. at 334.)

Thereafter, Dr. Rabiee ordered another MRI of plaintiff's brain, which was conducted on September 14, 2009. The findings of that MRI were found to be "compatible with multiple sclerosis." (Id. at 341.) On October 30, 2009, Dr. Michael Epstein noted that plaintiff's MRI scan was "indeed strongly suggestively positive for MS with lesions here and there including the corpus callosum." (Id. at 349.)

The Commissioner argues that this evidence of record is merely "some evidence that [plaintiff's] symptoms may have a possible alternative explanation." (Def.'s MSJ (Dkt. No. 25) at 14.) As noted above, however, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when the ALJ's conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. In this regard, accepting as true the Commissioner's contention that plaintiff presented merely some evidence that her symptoms have an alternative explanation does not alter the requirement that the ALJ's conclusion that plaintiff's multiple sclerosis was not a severe impairment be clearly established by the medical evidence of record.

/////

The Commissioner also argues that the ALJ was justified in finding that plaintiff's multiple sclerosis was not a severe impairment because the objective evidence relied on was "from at least one to two years after Plaintiff's insurance expired . . . ." (Def.'s MSJ (Dkt. No. 25 at 13.)  However, the Ninth Circuit has repeatedly held that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of a pre-expiration condition.  See Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011); Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1996); Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988).  Here, the impairments plaintiff complained off existed well prior to the expiration of her insured status.  Moreover, there is no evidence that plaintiff's multiple sclerosis was unrelated to all of her pre-expiration impairments or that the condition developed only after the expiration of her insured status.

Here, it simply cannot be said that there was substantial evidence to find that the objective medical evidence clearly established that plaintiff's multiple sclerosis was not a medically severe impairment during plaintiff's insured status.  See Webb, 433 F.3d at 688 ("There is not, in this instance, the total absence of objective evidence of severe medical impairment . . . ."); Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability."); see also Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two.")[3]; Lipinski v. Astrue, No. CV 11-0693-TUC-RCC (JR), 2013 WL 1249226, at *7 (D. Ariz. Mar. 7, 2013) ("The types of claims that are screened-out at step-two are those that allege impairments that are so minimal they could never prevent a person from working."); cf. Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("Ample authority cautions against a determination of nondisability at step two."); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.").

Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her claim that the ALJ erred by failing to find at step two of the sequential evaluation that plaintiff's multiple sclerosis was a severe impairment.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[4] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, the ALJ erred at step two of the sequential evaluation by finding without adequate support that plaintiff's multiple sclerosis was not a severe impairment. On remand, an ALJ shall recognize plaintiff's multiple sclerosis as a severe impairment at step two and proceed with the sequential evaluation process.[5] See Vasquez v. Astrue, 572 F.3d 586, 596 (9th Cir. 2009) (remanding for further proceedings where the evidence suggested that plaintiff had severe mental impairment and where that mental impairment was not accounted for in ALJ's RFC determination at step four).

/////

/////

---

[4] In light of the remand required by the ALJ's error at step two, the court need not address plaintiff's remaining claims. See Sanchez v. Apfel, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility.").

[5] Because this matter must be remanded for a new hearing, plaintiff's motion to augment the record will be denied as having been rendered moot.

8

Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 13) is granted;

2. Plaintiff's motion to augment the record (Dkt. No. 14) is denied as moot;

3. Defendant's cross-motion for summary judgment (Dkt. No. 25) is denied;

4. The decision of the Commissioner of Social Security is reversed for the reasons indicated above; and

5. This case is remanded for further proceedings consistent with this order.

Dated: February 19, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\haverlock23937.ord.docx